R. Q. BROWN and wife v. R. B. SOUTHERLAND and wife.

(Filed 30 October, 1907).

1. **Deeds and Conveyances—Mistake of Draftsman—Construction— "All Our Interests"—Warranty, Breach of.**

    A conveyance of "all interest in the land of H. C. Smith, deceased, as divided by committee," conveys only such interest as the grantors had therein, as so divided, and a breach of covenant or warranty therein contained as to other lands of said Smith embraced by the draftsman by mistake, described by metes and bounds, concerning which the grantors neither had nor claimed title, will not lie.

2. **Same—Instructions—Interpretation.**

    Plaintiffs are not entitled to have the question submitted to the jury as to fraud in a deed, without having requested such by proper instructions, and when there is no error by the court below in interpreting the deed as a question of law, in the light of admissions.

BROWN v. SOUTHERLAND.

CIVIL ACTION, tried before *Jones, J.,* and a jury, at January Term, 1907, of the Superior Court of WAYNE County.

From judgment for defendants the plaintiffs appealed.

The pleadings and admissions disclose this case: Spiars Smith died seized of a tract of land which descended to his five children, one of whom is the *feme* defendant, and another II. C. Smith. The land was partitioned and a lot of 70 acres, described by metes and bounds, allotted to *feme* defendant. The share of H. C. Smith was allotted in two tracts—one of 47 acres lying south of the *feme* defendant's tract, and one of 15½ acres lying north thereof. Thereafter, said H. C. Smith died intestate, whereupon his share was partitioned among his surviving brothers and sisters, 20 acres of the 47-acre lot being allotted to *feme* defendant. On 6 July, 1900, *feme* defendant and her husband contracted to sell the share allotted her in the Spiars Smith and in the H. C. Smith land to the plaintiffs, and, pursuant thereto, gave to Mr. Hill the plat showing the first partition by which to draw the deed. He described the 70-acre tract by metes and bounds, and proceeded to describe the interest in the H. C. Smith land as follows: "Second Tract: All interest in the land of H. C. Smith, deceased, as divided by committee, first on the north side of the first tract, said to contain about 5½ acres. Third Tract: All interest in the land of H. C. Smith, deceased, south of the first tract of 70 acres and said to contain about 20 acres, more or less, or being the interest of section No. 1, as platted by John M. Caldwell in November, 1887."

Mr. Hill did not have before him the plat showing partition of H. C. Smith land. There is no tract of 5½ acres. This action is brought to recover damages for breach of the covenant of seizin and warranty contained in the deed from defendants to plaintiffs. It is conceded that plaintiffs got, under the description in the deed, all of the interest of defendants in the Spiars Smith and the H. C. Smith land. His Honor, upon the pleadings and admissions, was of the opinion

that the deed, construed in connection with the admitted facts
and the evidence of plaintiffs, did not purport to convey any-
thing but the interest of the defendants in the Spiars Smith
and H. C. Smith land.    He rendered judgment for defend-
ants.    Plaintiffs excepted and appealed.

*W. C. Munroe* for plaintiffs.
*F. R. Cooper* for defendants.

CONNOR, J., after stating the facts : The case seems to have
been tried upon the pleadings and admissions.    Neither party
tendered any issues, and, of course, no prayers for instruc-
tions.    It is manifest that the defendants only intended to
convey, and plaintiffs to buy, the interest of the defendants
in the Smith land.    It is equally clear how the draftsman
fell into the error of supposing, in the absence of any plat
showing partition of the H. C. Smith land, that such interest
extended to both the 47-acre and the 15½-acre tracts; whereas
the defendants had no interest in the last-named tract.    It is
equally clear that the controlling thought of the grantors was
the conveyance of their interest in the H. C. Smith land "as
divided by the committee."    If there had been no division,
the deed would have conveyed only the undivided interest,
and not any specified number of acres; hence, the mention of
the number of acres only indicated the extent of the interest.
If the number of acres is controlling, the plaintiffs got more
than they were entitled to in the 47-acre tract.    If this was
the basis upon which the contract price was fixed, plaintiffs
have 90 acres, whereas they would have had but 86 acres.    If
it was "an undivided interest" which they were buying, they
got "the interest" of the grantors in the land of H. C. Smith
as divided by the committee, which is all that the deed pur-
ported to convey.    Hence they show no breach of the war-
ranty.

We think that his Honor's view was correct, and that, read-
ing the entire description in the light of the admissions, the

deed conveys all that the parties intended to grant or plaintiffs were entitled to receive. Plaintiffs suggest that they were entitled to have the question whether there was a mistake in the deed submitted to the jury. It does not appear that any request was made to his Honor to do so. We are of the opinion that his Honor correctly interpreted the deed. The judgment should be

Affirmed.